UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TODD CRITTON,<br><br>Petitioner,<br><br>v.<br><br>DEBRA DEXTER, Warden,<br><br>Respondent. | NO. EDCV 08-1722-DOC (AGR)<br><br><br>ORDER TO SHOW CAUSE |

On November 26, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before ***January 5, 2009***, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

According to the Petition, Petitioner was convicted of voluntary manslaughter with use of a deadly weapon. (Petition at 2.) Petitioner was

sentenced to state prison for 12 years on June 4, 2004.  (*Id.*)  The California Court of Appeal affirmed the judgment, in pertinent part, on January 5, 2006.[1]  (*Id.* at 2-3.)  The California Supreme Court denied review on March 15, 2006.  (*Id.* at 3; *People v. Critton*, Case No. S140406, 2006 Cal. LEXIS 3477 (2006).

Petitioner mailed a state habeas petition in Riverside County Superior Court on September 20, 2007, which was denied on October 19, 2007.  (Petition at 3-4.)  He filed a state habeas petition in the California Court of Appeal, which was denied on December 18, 2007.  (*Id.* at 4.)  He mailed a state habeas petition in the California Supreme Court on January 14, 2008, which was denied on July 9, 2008.  (*Id.* at 4-5.)

On November 20, 2008, Petitioner signed the Petition filed in this Court.  The Petition was mailed on November 23, 2008.  (*Id.* at 8 & Proof of Service.)  Petitioner raised one ground:  (1) Petitioner received an "upper term sentence" in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).  (Petition at 5 & attached pages.)

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a

---

[1] The Court of Appeal reversed and remanded for new trial on the one-year enhancement for a prior conviction with a prison term pursuant to Cal. Penal Code § 667.5(b), and affirmed in all other respects.  *People v. Critton*, Case No. E036078, 2005 Cal. App. Unpub. LEXIS 11420, at *14-*15 (2005), *as amended*, 2006 Cal. App. Unpub. LEXIS 87 (2006).

judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

On direct appeal, the California Supreme Court denied review on March 15, 2006. (Petition at 3.) Therefore, Petitioner's conviction became final 90 days later on June 13, 2006. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Absent tolling, the statute of limitations expired one year later on June 13, 2007, pursuant to 28 U.S.C. § 2244(d)(1)(A). Thus, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner states that he mailed his first state habeas petition on September 20, 2007, over three months after the statute of limitations expired. (Petition at 3-4.) A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). "Equitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). On the other hand, "[e]quitable

tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Id.*

The Petition does not provide any basis for equitable tolling.

**B.    The *Cunningham* Decision**

It appears that Petitioner will argue that the Petition is not barred by the statute of limitations because it is based on the Supreme Court's decision on January 22, 2007, in *Cunningham v. California*. The statute of limitations may start running on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see Dodd v. United States*, 545 U.S. 353, 357, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). In *Dodd*, the Supreme Court addressed a provision in 28 U.S.C. § 2255[2] that is materially identical to 28 U.S.C. § 2244(d)(1)(C):

> The limitation period shall run from the latest of -
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The Court held that the statute starts running on the date the court recognizes the right, not on the date the court makes it retroactively applicable. *Id.* at 358.[3] However, a petitioner "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met." *Dodd*, 545 U.S. at 359.

---

[2] Under section 2255, a federal prisoner may challenge his or her sentence as unconstitutional.

[3] "*Dodd* is equally applicable to section 2244(d)(1)(C)." *Johnson v. Robert*, 431 F.3d 992, 992-93 (7th Cir. 2005) (per curiam).

4

Applying *Dodd* to the Petition, the Supreme Court decided *Cunningham* on January 22, 2007. For a petition based on *Cunningham* to be timely under 28 U.S.C. § 2244(d)(1)(C), (1) it would have to be filed no later than January 22, 2008; (2) the Supreme Court would have to recognize *Cunningham* as a new rule no later than January 22, 2008; and (3) the Supreme Court would have to declare *Cunningham* retroactive no later than January 22, 2008. *See Dodd*, 545 U.S. at 359 (applicant "will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year"); *Johnson*, 431 F.3d at 992 (statute runs from date that the right was initially recognized, "even if the Court does not declare that right to be retroactive until later").

The Supreme Court has not recognized *Cunningham* as a new rule. The Ninth Circuit recently held that *Cunningham* did not announce a new rule. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The Court interpreted *Cunningham* as "simply appl[ying] the rule of *Blakely* to a distinct but closely analogous state sentencing scheme." *Id.* at 636. Therefore, the Supreme Court's decision in *Cunningham* does not provide an alternative start date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(C).

Therefore, the Petition is time-barred. *See Dodd*, 545 U.S. at 358 ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied"); *see Johnson*, 431 F.3d at 992 (applying *Dodd* under § 2244(d)(1)(C)).

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **January 5, 2009**, Petitioner shall show cause, if there be any, why this Court should not

5

recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.  Petitioner's response must explain why his petition is not barred by the statute of limitations.

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: December 2, 2008

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge